**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HICKS | PARK LLP, a limited liability partnership,<br><br>               Plaintiff,<br><br>v.<br><br>ING BANK, FSB, dba ING DIRECT, a federal savings bank; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. CV 11-07330 ODW (AGRx)<br><br>Order **GRANTING** Defendant's Motion To Stay Litigation And Request For Arbitration [7] [Filed 09/13/11] |

## I.  INTRODUCTION

Pending before the Court is Defendant, ING BANK, FSB's ("Defendant"), September 13, 2011 Motion to Stay Litigation and Request for Arbitration.  (Dkt. No. 7.)  Plaintiff, HICKS | PARK, LLP ("HP"), filed its Opposition on September 26, 2011, (Dkt. No. 2), to which Defendant filed a Reply on October 3, 2011 (Dkt. No. 13). Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7- 15.  For the reasons discussed below, Defendant's Motion is **GRANTED**.

## II.   FACTUAL BACKGROUND

HP is a law firm that provided legal services to Defendant in California. (Compl. ¶ 7.) Jim Hicks ("Hicks") is one of the partners at HP, as well as the firm's attorney in this lawsuit.  (*See generally* Compl.)  Hicks is currently involved in a pending partnership dispute with his former partner, Gary Park, regarding alleged fraud and embezzlement. (Opp'n at 2.) On or about March 25, 2011, Defendant terminated its attorney-client relationship with HP. (Mot. at 1.) HP and Defendant are now involved in a fee dispute. (Mot. at 1.) As required by California *Business and Professions Code* § 6201, HP signed a Notice of Client's Right To Arbitration on August 18, 2011, informing Defendant of their right to Mandatory Fee Arbitration. (Opp'n, Exh. C.) That same day, Defendant signed a Client Petition for Arbitration (the "Petition") and paid the requisite filing fee. (Declaration of Terrance J. Evans in Support of ING's Mot. ("TJE Decl."), Exh. B.) On August 31, 2011, the Los Angeles County Bar Association mailed Hicks a Notice of Attorney Responsibility in regards to the Mandatory Fee Arbitration. (Opp'n, Exh. D.)

HP filed a Complaint in the Los Angeles Superior Court on August 18, 2011. (Dkt. No. 1.) Defendant subsequently removed this action to federal court, (Dkt. No. 1), and now moves to stay litigation and compel arbitration, (Dkt. No. 7).

## III.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 29 U.S. 248, 254 (1936). Although there is no precise rule governing the determination of when to grant a motion to stay when similar actions are pending in two different federal district courts, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Ninth Circuit has held that a stay is proper if the conclusions of another tribunal "may be of valuable assistance to the

court in resolving the [claims] presented in [the complaint], even under the assumption that the court is not bound and controlled by the [other tribunal's] conclusions." *Leyva v. Certified Growers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). However, a "stay should not be granted unless it appears likely the other proceedings will be concluded within reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

## IV.  DISCUSSION

Defendant asserts that because HP's claims relate entirely to the fee dispute arising from the former attorney-client relationship, all of the claims are subject to the Mandatory Fee Arbitration, as set forth in *California Business and Professions* Code § 6201. (Mot. at 1.)  The California Mandatory Fee Arbitration Act ("MFAA") governs fee disputes arising from attorney-client relationships, pursuant to Cal. Bus. & Prof. Code § 6200 *et seq*.  The Act provides that a system and procedure must be available which permits a client, regardless of the attorney's preference, to compel arbitration of attorney-client fee disputes. *Id* at § 6201.  Under this system, an attorney is required to notify a client of the right to demand arbitration under the MFAA for disputes involving "recovery of fees, costs, or both." *Id* at § 6201(a).  The client then has thirty days from the receipt of notice to demand arbitration under the MFAA.  *Id.*  If the client chooses arbitration, any existing civil action by the attorney to collect fees is automatically stayed until the arbitration's conclusion. *Id.* at § 6201(c). The arbitration is presumptively non-binding unless both parties create an agreement stating otherwise. *Id.* at § 6204(a). The MFAA's purpose is to "alleviate 'the disparity in bargaining power in attorney fee matters . . . by providing an effective inexpensive remedy to a client which does not necessitate the hiring of a second attorney.'" *Meis & Waite v. Parr*, 654 F. Supp. 867, 869 (N.D. Cal. 1987) (quoting *Manatt, Phelps, Rothenberg & Tunney v. Lawrence*, 151 Cal. App. 3d 1165, 1174 (Ct. App. 1984)).

1    While there are several ways that a client's right to Mandatory Fee Arbitration is
2    waived, HP does not assert any here.[1] *California Business & Professions* Code section
3    6201(d). Rather, HP argues that the demand for arbitration is defective and/or is an
4    inappropriate mechanism to settle this dispute. (Opp'n at 3, 5.) HP attacks Defendant's
5    demand, asserting that the arbitration request was filed "against Jim Hicks personally
6    rather than against [HP]" and because the thirty-day statutory period has since elapsed,
7    a request can no longer be filed against HP. (Opp'n at 3.) In support of their contention,
8    HP refers the Court to the Notice of Attorney Responsibility. (Opp'n, Exh. D.) In
9    rebuttal, Defendant notes that the Petition specifically identifies both Hicks and HP as
10   the parties with whom Defendant has a fee dispute. (ING's Reply at 3; *See* TJE Decl.,
11   Exh. B.)

12   The Petition, itself, clearly includes "James B. Hicks, Esq." as the "Name of
13   individual Attorney, as well as "HICKS | PARK LLP" as the "Law Firm Name." (TJE
14   Decl., Exh. B.) The mere fact that the Notice of Attorney Responsibility is not addressed
15   to HP, but rather "James B. Hicks" does not remove them from the original Petition.
16   (Opp'n, Exh. D.) Nonetheless, even if it were ambiguous as to whom the demand was
17   filed against, allowing this technicality to defeat Defendant's petition for arbitration
18   would be in direct contradiction to public policy, which recognizes that "states are
19   generally responsible for the regulation of lawyers. *Naegele v. Albers*, 355 F.Supp.2d
20   129, 141 (D.D.C. 2005) ("Because the plaintiff is an attorney licensed . . . in California
21   and the events that gave rise to this fee dispute . . . also arose in California, the court
22   stays the litigation . . . pending the completion of arbitration in California."). *Id* at 141.
23   Therefore, Defendant's demand for arbitration was validly filed against HP, and done so
24   within the applicable time frame.

25   HP's argument that litigation is necessary because they need to engage in further
26   discovery is unavailing. Specifically, HP asserts that at this time it cannot be
27
28
---
[1] A client's right to mandatory arbitration is waived if the client seeks a legal remedy in the form of a "(1) Judicial resolution of a fee dispute to which this article applies" or "[a]ffirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct." Cal. Bus. & Prof. Code § 6201(d).

1  "determin[ed] which, if any bills have been paid" as well as other "basic payment
2  information" from Defendant. (Opp'n at 4, 5.) The ambiguity relates to, among other
3  factors, the pending fraud and embezzlement dispute between HP and its former partner,
4  Gary Park. (Opp'n at 2.) The alleged necessity for additional discovery, however, does
5  not remove this claim from the scope of Cal. Bus. & Prof. Code § 6201, and HP does not
6  present any authority stating otherwise. *See Naegele*, 355 F.Supp.2d at 141 ("Given that
7  the fee in controversy is a central issue to this case, the court concludes that all of the
8  plaintiff's counts fall under the umbrella of the stay pending the completion of arbitration
9  in California."). Therefore, Defendant's Motion is **GRANTED**.

## V.   CONCLUSION

11       Accordingly, the Court **GRANTS** Defendant's Motion and stays the remainder of
12  this case pending the completion of the arbitration in California. The parties are not to
13  file any motions in this case until so directed by this court. Within thirty calendar days
14  of the completion of the arbitration proceedings, the parties are hereby directed to submit
15  a joint status report informing the court of the outcome of the arbitration proceedings,
16  whether they wish to continue with this case in this venue, and their proposed briefing
17  schedule and deadlines for how this case will proceed from that point forward, if at all.[2]

**IT IS SO ORDERED.**

November 9, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[2]On November 4, 2011, HP filed a supplemental notice asking the Court for "leave to file
supplemental papers since its former partner Gary Park and his wife finally appeared for deposition . .
. ." This request does not affect the Court's decision with respect to the current Motion, and is Denied.